THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| SHIRLEY V., <br><br> **Plaintiff,** <br><br> v. <br><br> KILOLO KIJAKAZI, **Acting Commissioner of Social Security,** <br><br> **Defendant.** | MEMORANDUM DECISION AND ORDER <br><br><br> Case No. 2:22-cv-00812-JCB <br><br><br> Magistrate Judge Jared C. Bennett |

Under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties in this case have consented to Judge Jared C. Bennett conducting all proceedings, including entry of final judgment.[1] Before the court is Plaintiff Shirley V.'s ("Plaintiff") appeal of Acting Commissioner of Social Security Kilolo Kijakazi's ("Commissioner") final decision determining that Plaintiff was not entitled to Disability Insurance Benefits ("DIB") under Title II of the Social Security Act[2] and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act.[3] After careful consideration of the written briefs and the complete record, the court concludes that oral argument is not necessary. Based upon the analysis set forth below, Plaintiff's arguments on appeal fail. Therefore, the court affirms the Commissioner's decision.

---

[1] ECF No. 9.

[2] 42 U.S.C. §§ 401-434.

[3] Id. §§ 1381-1383f.

**PROCEDURAL BACKGROUND**

Plaintiff alleges disability due to various physical and mental impairments. Plaintiff applied for DIB and SSI in January 2020.[4] Plaintiff's applications were denied initially[5] and upon reconsideration.[6] On December 14, 2021 Plaintiff appeared with counsel for a hearing before an Administrative Law Judge ("ALJ").[7] The ALJ issued a written decision on January 3, 2022 denying Plaintiff's claims for DIB and SSI.[8] Plaintiff appealed the adverse ruling, and, on November 2, 2022, the Appeals Council denied her appeal,[9] making the ALJ's decision final for purposes of judicial review.[10] On December 28, 2022, Plaintiff filed her complaint in this case seeking review of the Commissioner's final decision.[11]

**STANDARD OF REVIEW**

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied."[12] The Commissioner's findings, "if supported by substantial evidence, shall be conclusive."[13] "Substantial evidence is such relevant evidence as a reasonable mind

---

[4] ECF No. 10, Administrative Record ("AR ____") 274-289.
[5] AR 72-101.
[6] AR 104-43.
[7] AR 41-71.
[8] AR 23-46.
[9] AR 1-6.
[10] 42 U.S.C. §§ 405(g), 1383(c)(3); 20 C.F.R. §§ 404.981, 416.1481.
[11] ECF No. 5.
[12] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted).
[13] 42 U.S.C. § 405(g).

might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance."[14] "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]."[15] "The [f]ailure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal."[16]

The aforementioned standards apply to the Commissioner's five-step evaluation process for determining whether a claimant is disabled.[17] If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed.[18]

> Step one determines whether the claimant is presently engaged in substantial gainful activity. If [the claimant] is, disability benefits are denied. If [the claimant] is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that [her] impairments would have more than a minimal effect on [her] ability to do basic work activities, [she] is not eligible for disability benefits. If, on the other hand, the claimant presents medical evidence and makes the *de minimis* showing of medical severity, the decision maker proceeds to step three.[19]

---

[14] *Lax*, 489 F.3d at 1084 (quotations and citation omitted).

[15] *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted).

[16] *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (first alteration in original) (quotations and citation omitted).

[17] 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process).

[18] 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *see also Williams*, 844 F.2d at 750.

[19] *Williams*, 844 F.2d at 750-51 (quotations and citation omitted); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)-(ii), 416.920(a)(4)(i)-(ii).

At step three, the claimant must show that his or her impairments meet or equal one of several listed impairments that are "severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience."[20] "If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits. If not, the evaluation proceeds to the fourth step . . . ."[21] Before considering step four, however, the ALJ must determine the claimant's residual functional capacity ("RFC").[22] An individual's RFC is her greatest ability to do physical and mental work activities on a regular and continuing basis despite limitations from her impairments.[23] In making this determination, the ALJ must consider all of the claimant's impairments, including impairments that are not severe.[24]

For the fourth step, the claimant must show, given her RFC, that her impairments prevent performance of her "past relevant work."[25] "If the claimant is able to perform [her] previous work, [she] is not disabled."[26] If, however, the claimant is not able to perform her previous work, she "has met [her] burden of proof, establishing a prima facie case of disability."[27]

---

[20] 20 C.F.R. §§ 404.1525(a), 416.925(a); *see also id.* §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).
[21] *Williams*, 844 F.2d at 751.
[22] 20 C.F.R. §§ 404.1520(a)(4), (e), 416.920(a)(4), (e).
[23] *Id.* §§ 404.1545(a)(1), (b)-(c), 416.945(a)(1), (b)-(c).
[24] *Id.* §§ 404.1545(a)(2), 416.945(a)(2).
[25] *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).
[26] *Williams*, 844 F.2d at 751.
[27] *Id.*

From here, "[t]he evaluation process . . . proceeds to the fifth and final step," where the burden of proof shifts to the Commissioner.[28] The decision maker must determine "whether the claimant has the [RFC] to perform other work in the national economy in view of [her] age, education, and work experience."[29] If it is determined that the claimant "can make an adjustment to other work," she is not disabled.[30] If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," she is disabled and entitled to benefits.[31]

## ANALYSIS

### I. The ALJ's RFC Determination is Supported by Substantial Evidence.

Plaintiff contends that the ALJ erred by failing to properly consider Plaintiff's physical impairments when crafting her RFC. Specifically, Plaintiff argues that the ALJ erred by (A) failing to explain how the evidence supported his determination that Plaintiff can perform "frequent bilateral handling and fingering"; and (B) disregarding evidence in finding that Plaintiff can perform the standing and walking requirements of "light-level work." As discussed below, substantial evidence supports the ALJ's RFC determination, and the court declines Plaintiff's invitation to reweigh the evidence.

   A. Substantial Evidence Supports the ALJ's Determination Regarding Plaintiff's Ability to Use Her Fingers and Hands.

The ALJ's determination that Plaintiff could perform "frequent bilateral handling and fingering" is supported by substantial evidence. An RFC provides a claimant's greatest ability to

---

[28] *Id.*

[29] *Id.* (quotations and citation omitted); *see also* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

[30] 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

[31] *Id.* §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

do physical and mental work activities on a regular and continuing basis despite limitations from her impairments.[32] When assessing a claimant's RFC, the ALJ is required to consider "all of the relevant medical and other evidence."[33] In crafting Plaintiff's RFC determination, the ALJ engaged in a thorough discussion of the record evidence, including objective medical findings related to Plaintiff's hands throughout the period at issue,[34] Plaintiff's activities of daily living,[35] prior administrative medical findings from state agency medical consultants,[36] and Plaintiff's accounts of her pain and symptoms.[37] Throughout his decision, the ALJ explained how this evidence supported his conclusion that Plaintiff could perform a limited range of light work with "frequent bilateral handling and fingering."[38] Therefore, Plaintiff's argument that the ALJ failed to explain how the medical and non-medical evidence supported his conclusion is unfounded.[39]

---

[32] *Id*. §§ 404.1545(a)(1), (b)-(c), 416.945(a)(1), (b)-(c).

[33] *Id*. § 404.1545(a)(3); *see also Young v. Barnhart*, 146 F. App'x 952, 955 (10th Cir. 2005) ("The determination of RFC is an administrative assessment, based upon *all the evidence* of how the claimant's impairments and related symptoms affect [his] ability to perform work-related activities." (emphasis added)).

[34] AR 35.

[35] AR 37.

[36] AR 38.

[37] AR 32-33.

[38] AR 35-38.

[39] Plaintiff argues that the ALJ violated the narrative discussion requirements of SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996), by failing to explain how the medical and non-medical evidence supports his determination that Plaintiff could perform frequent bilateral handling and fingering. The court's foregoing analysis explains why the ALJ complied with SSR 96-8p, but, in any event, this court cannot reverse and remand for failing to comply agency policy statements like SSR 96-8p. Congress has not authorized the judiciary to review, much less remand, an ALJ's decision that fails to comply with an agency policy statement. By analogy, under the Administrative Procedure Act, numerous courts have held that they can enforce against an agency only that which has the force and effect of law because "[a] binding policy is an

Nevertheless, Plaintiff contends that the ALJ's determination regarding Plaintiff's ability to perform "frequent bilateral handling and fingering" is wrong. Specifically, Plaintiff argues that the ALJ failed to adequately consider: (1) Plaintiff's diagnosis of severe erosive hand osteoarthritis ("EO") made by Plaintiff's orthopedist, Dr. Emily Harold ("Dr. Harold") in September 2021;[40] (2) a form completed by Michelle Spencer, APRN ("APRN Spencer") in September 2021, which indicates that Plaintiff was disabled and unable to work; and (3) Plaintiff's December 2021 hearing testimony that she could no longer perform the daily activities she reported she could in 2020.[41] As discussed below, none of this evidence created a work-related functional limitation that the ALJ was required to adopt in the RFC. Even so, the ALJ considered and discussed this evidence when crafting Plaintiff's RFC and, based on all the available evidence, reasonably concluded that Plaintiff can perform "frequent bilateral handling and fingering."

---

oxymoron." *Vietnam Veterans of Am. v. Sec'y of the Navy*, 843 F.2d 528, 537 (D.C. Cir. 1988). Although Social Security cases are not governed by the Administrative Procedure Act, the judicial review provisions of the Social Security Act similarly provide that the judiciary's authority to review the Commissioner's decisions is limited to: (1) factual findings and (2) "*only* the question of conformity with [the Commissioner's] regulations and the validity of such regulations." 42 U.S.C. § 405(g) (emphasis added). This congressional limitation on judicial review is significant where, as here, SSRs do not have the force and effect of law or regulation. *Cf. Vietnam Veterans of Am.*, 843 F.2d at 537 (concluding that even though agency policy was binding against its employees, as far as the court was concerned, "the agency remains free in any particular case to diverge from whatever outcome the policy statement or interpretive rule might suggest" because policy is not law). Thus, the Social Security appellate tribunal or the Commissioner certainly can enforce SSRs against an ALJ's decision because, in the Executive Branch's world under Article II of the Constitution, such policies are binding. But in the judicial world under Article III, SSRs are not binding because a court lacks congressional authority to enforce a policy against an agency.

[40] AR 1059-70.

[41] AR 323-330.

1. Dr. Harold's Findings

Dr. Harold's findings are not a "medical opinion" under 20 C.F.R. §§ 404.1520c and 416.920c and, therefore, the ALJ was not required to discuss them in his decision.[42] "[T]he current definition of a 'medical opinion' requires 'a statement from a medical source' about *both* 'what the claimant can still do despite her impairment(s)' *and* 'whether she has one or more impairment-related limitations or restrictions in specified abilities[.]'"[43] Consequently, "general statements about [Plaintiff's] prognosis [are] not a 'medical opinion' because they [do] not provide evidence concerning her ability to perform the specific demands of work activities."[44]

In examining Plaintiff's hands, Dr. Harold stated that Plaintiff had "PIP/DIP swelling, deformities, and limited extension/flexion" and "severe erosive osteoarthritis with hand pain and difficulty with dexterity"[45] However, absent from Dr. Harold's findings is any discussion about what Plaintiff can still do despite her impairments or whether Plaintiff has one or more impairment-related limitations or restrictions based on several enumerated abilities. Merely having a diagnosis is not a "medical opinion" that the ALJ was required to consider when rendering an RFC.

Although the ALJ was not required to consider Dr. Harold's findings, he did anyway, and weighed them against exam results from October 2021 showing that Plaintiff had full and

---

[42] The regulations provide that the ALJ "will articulate in [his] determination how persuasive [he] find[s] all of the medical opinions and all of the prior administrative medical findings in [the claimant's] case record." 20 C.F.R. §§ 404.1520c(b), 416.920c(b).

[43] *Staheli v. Comm'r, SSA*, No. 22-4001, 84 F.4th 901, 909 n.2 (10th Cir. 2023) (quoting 20 C.F.R. § 404.1513(a)(2) (alterations omitted).

[44] *Id.* at 907.

[45] AR 1070.

symmetric range of motion of the elbows, wrists, and hands; but positive bilateral cubital Tinel's tests on the elbows, decreased sensations of the wrists, and positive Phalen's tests, no atrophy of the hands, and 5/5 oppositional strength.[46] The ALJ also considered that Plaintiff underwent a left anterior subcutaneous nerve transposition at the level of the elbow for cubital tunnel syndrome in November 2021 and that she had been prescribed pain medication which helped—but did not relieve—her pain.[47] Although Plaintiff does not like the ALJ's conclusion, this court cannot say that it is not supported by substantial evidence given what the ALJ was required to and actually considered in the record. Consequently, Plaintiff's argument fails.

    2.  APRN Spencer's Form

Plaintiff also relies on a form completed by APRN Spencer which indicates that Plaintiff was disabled and unable to work due to arthritis, weakness, and paresthesia that made it difficult to do many things.[48] However, the ALJ considered this form too but acknowledged that APRN Spencer did not specify functional limitations stemming from Plaintiff's impairments. The ALJ also correctly pointed out that APRN Spencer's statement is unpersuasive because it addressed an issue reserved to the Commissioner.[49] Medical professionals should detail the specifics of what a claimant can and cannot do; they should not make a conclusory "disabled" declaration and believe that will suffice as evidence before the ALJ. Nevertheless, although he was not required to do so, the ALJ still considered APRN Spencer's statement but found that it was

---

[46] AR 35-36.

[47] AR 36.

[48] AR 976.

[49] AR 39. See 20 C.F.R. §§ 404.1520b(c)(3), 416.920b(c)(3)(statements on the issue of disability are "[e]vidence that is neither valuable nor persuasive" and require no analysis by the ALJ).

unsupported by the treatment record and inconsistent with Plaintiff's daily activities.[50] Although Plaintiff disagrees with how the ALJ weighed the evidence, this court cannot reweigh it.

   3. Plaintiff's Hearing Testimony

Finally, Plaintiff states that her December 2021 hearing testimony should preclude a finding that Plaintiff can perform "frequent bilateral handling and fingering" because her inability to perform certain daily activities corroborates Dr. Harold's diagnosis of EO. However, even if Plaintiff's testimony corroborates Dr. Harold's observations, Plaintiff's testimony cannot transform Dr. Harold's findings into a "medical opinion" as that term is used in the Commissioner's regulations.

In any event, the ALJ acknowledged Plaintiff's testimony that she could no longer perform the activities she had previously reported[51] but considered that Plaintiff's symptoms were long-term, including her hand pain.[52] The ALJ also considered the other evidence in the record as a whole and determined that Plaintiff can perform "frequent bilateral handling and fingering,"—a limitation designed to accommodate Plaintiff's decreased upper extremity strength and sensation, as well as finger stiffness, and to avoid exacerbating her symptoms and reduce her risk of injury.[53]

Whether viewed individually or collectively, these three categories of evidence do not require this court to reverse the ALJ's determination because, in essence, Plaintiff is merely

---

[50] AR 39.
[51] AR 323-330.
[52] AR 37.
[53] AR 35-36.

asking this court to consider them anew and reweigh evidence that the ALJ already weighed. This is not the function of a reviewing court in this context.[54] From an evidentiary standpoint, the only issue relevant to the court is whether substantial evidence exists in the record to support the ALJ's conclusions.[55] The court concludes that it does. Therefore, the ALJ properly followed the relevant regulations in performing his RFC assessment, and the court rejects Plaintiff's invitation to reweigh the evidence.[56]

> B. Substantial Evidence Supports the ALJ's Determination that Plaintiff Could Perform the Standing and Walking Requirements of Light-Level Work.

The ALJ's determination that Plaintiff could perform "light-level work" is also supported by substantial evidence. Plaintiff argues that the ALJ ignored evidence concerning Plaintiff's ability to stand or walk for up to two-thirds of the day when the ALJ concluded that Plaintiff

---

[54] *Madrid*, 447 F.3d at 790.

[55] *Oldham v. Astrue*, 509 F.3d 1254, 1257 (10th Cir. 2007) (providing that the court reviewing the ALJ's decision reviews "only the sufficiency of the evidence, not its weight" (emphasis omitted)); *Lax*, 489 F.3d at 1084 ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence. We may not displace the agenc[y's] choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." (alteration in original) (quotations and citations omitted)).

[56] To the extent that Plaintiff claims that the ALJ should have recontacted medical sources in the record to obtain further evidence, this claim is based on a mistaken assumption that the record evidence was insufficient for the ALJ to make a decision. The ALJ's need to recontact Plaintiff's medical sources was not triggered because the ALJ had sufficient evidence before him to form a conclusion regarding Plaintiff's limitations. 20 C.F.R. §§ 404.1520b, 416.920b. Additionally, Plaintiff argues for the first time in her reply brief that the ALJ failed to ask the vocational expert at Plaintiff's hearing whether the jobs of garment folder, garment sorter, and inspector and hand packager "would still be available to someone with index fingers and knuckles swollen to four times their normal size who must wear 'several pairs of gloves' at once to treat her condition." ECF No. 24 at 5. Consequently, Plaintiff has waived this argument. *Madron v. Astrue*, 311 Fed. App'x 170, 174 n.4 (10th Cir. 2009) (noting that a party's failure to raise an issue in an opening brief results in waiver of that issue); *Argyle v. Astrue*, No. 2:10-CV-947-DBP, 2012 WL 4378118, at *7 (D. Utah Sept. 25, 2012).

could perform light-level work.[57] In support of her argument, Plaintiff cites to select portions of the record that allegedly show that she lacks this ability. Plaintiff again does nothing more than argue the weight of the evidence before the ALJ, which is futile on appeal.[58] She specifically relies on her self-reported symptoms and hearing testimony, which the ALJ discussed and concluded did not support a more restrictive RFC finding.[59] To the extent that the ALJ did not discuss every piece of evidence that Plaintiff refers to, there was no requirement for the ALJ to do so.[60] Thus, the ALJ properly considered the record evidence and reasonably concluded that Plaintiff could perform the standing and walking requirements of light work. Because the court cannot reweigh the evidence before the ALJ, Plaintiff fails to show that the ALJ erred in his assessment of Plaintiff's RFC.[61]

---

[57] The exertional requirements of the "full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." SSR 83-10, 1983 WL 31251, at *6 (Jan. 1, 1983).

[58] Oldham, 509 F.3d at 1257; Lax, 489 F.3d at 1084.

[59] AR 37 ("Although the claimant reported additional daily living limitations at the hearing, all of her symptoms are long-term, with years of back, neck, leg and hand pain. The claimant's activities of daily living do not support additional limitations.")

[60] Wall v. Astrue, 561 F.3d 1048, 1067 (10th Cir. 2009) (quotations and citation omitted) ("The ALJ is not required to discuss every piece of evidence.").

[61] Plaintiff argues for the first time in her reply brief that the ALJ "should have applied the grid rules to this case because of the severity of [Plaintiff's] spinal impairments would demonstrated root impingement and 'unbearable' pain." ECF No. 24 at 7. As such, she has waived any argument concerning the applicability of the grid rules to this case. Madron, 311 Fed. App'x at 174 n.4; Argyle, 2012 WL 4378118, at *7.

## CONCLUSION AND ORDER

As demonstrated above, all of Plaintiff's arguments on appeal fail. Therefore, IT IS HEREBY ORDERED that the Commissioner's decision in this case is AFFIRMED.

IT IS SO ORDERED.

DATED this 11th day of December 2023.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge